# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED KING, | **CASE NO.  1:10-cv-00878-LJO-SKO** |
| Plaintiff, | |
| v. | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING LEAVE TO AMEND** |
| CORCORAN STATE PRISON; WALDEN HOUSE, | **AMENDED COMPLAINT DUE IN THIRTY (30) DAYS** |
| Defendants. | |

Plaintiff Fred King ("Plaintiff") is proceeding pro se with an action for damages under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et seq*. Initially, Plaintiff filed two (2) complaints. The first complaint named Corcoran State Prison as a defendant and was filed as Case No. 1:10-cv-00878-LJO-SKO. The second complaint contained identical allegations, but it named Walden House as a defendant and was filed as Case No. 1:10-cv-00879-OWW-GSA. On May 25, 2010, the Court ordered that these two cases be consolidated under the case number of the earlier filed complaint (Case No. 1:10-cv-00878-LJO-SKO); ordered that the caption of that case read "Fred King v. Corcoran State Prison, Walden House;" and ordered that Case No. 1:10-cv-00879-OWW-GSA be closed.

1

**DISCUSSION**

**A.   Screening Standard**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.   Legal Standard**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, *Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Id.*

**C.   Exhaustion of Administrative Remedies Under Title VII**

Title VII has administrative exhaustion requirements that must be met prior to filing a court action. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). A person seeking relief

under Title VII must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the complaint, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). A person has ninety (90) days to file suit following receipt of this letter. *Id.*

Plaintiff has not stated whether he has exhausted this administrative process. As explained above, Plaintiff must do this before he can institute suit in federal court under Title VII. If Plaintiff has exhausted his remedies with the EEOC and the agency has issued a "right to sue letter," Plaintiff is entitled to amend his complaint accordingly and refile it. In that case, Plaintiff shall attach any documents regarding the exhaustion of administrative remedies to the amended complaint including the initial complaint filed with the EEOC. Plaintiff shall provide documentation that clearly establishes that he has timely filed a claim in federal court in compliance with the regulations outlined above in order for this claim to be cognizable.

Accordingly, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff is granted an opportunity to show that the administrative exhaustion requirements under Title VII have been met. If Plaintiff fails to state a cognizable claim, the Court may recommend that the entire action be dismissed with prejudice. Furthermore, failure to comply with this order will result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

**Dated:   June 21, 2010**                            **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE