# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRED L. KING, | CASE NO. 1:10-cv-00878-LJO-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |
| v. | |
| CORCORAN STATE PRISON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Fred King ("Plaintiff") is proceeding pro se and in forma pauperis with an action for damages under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et seq*. Plaintiff asserts that Corcoran State Prison and Walden House, Inc., discharged him from his employment without any process. He asserts that he was not provided with due process because he is African American. He asserts that others, who are not African American, were provided with appropriate due process when their employment was terminated.

On June 22, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff had not alleged or shown that he had exhausted his administrative remedies before filing suit in federal court. 42 U.S.C. § 200e-5(d)(1) (claimant

seeking relief under Title VII must first file a complaint with the Equal Opportunity Commission ("EEOC") within 180 days of alleged unlawful employment practice).  The Court dismissed Plaintiff's complaint, allowing him 30 days leave of Court to amend, showing that he had exhausted his administrative remedies as required under Title VII.

On July 21, 2010, Plaintiff filed an amended complaint.  As an attachment to his amended complaint, Plaintiff filed an EEOC notice stating that it was terminating its processing of Plaintiff's case and that he had 90 days from receipt of the notice to file suit in federal or state court.  This notice was mailed on January 29, 2010.  Plaintiff filed suit in this matter on May 17, 2010.

## II.  DISCUSSION

Title VII requires that a plaintiff file a lawsuit within ninety (90) days of the dismissal of his claims by the EEOC.  42 U.S.C. § 2000(e)-5(f)(1).  This ninety-day period operates as a limitation period.  *See Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).  If a plaintiff does not file suit within ninety days "[of] the date EEOC dismissed a claim," the action is time barred.  *Id.*  Therefore, ascertaining the commencement of the limitation period is necessary to calculate whether an action was timely filed.

The start of the limitations period begins on the date when a right-to-sue notice letter arrives at the claimant's address of record.  *See Payan v. Aramark Management Servs. LP*, 495 F.3d 1119, 1122 (9th Cir. 2007).  Where the date of actual receipt is unknown, the date of receipt is estimated based on the date of the EEOC disposition and issuance of notice of the right-to-sue, with compensation for mailing time.  *See id.*; *Baldwain County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n. 1 (1984).  The Ninth Circuit has adopted the three-day presumption to calculate mailing time and receipt of the right-to-sue notice.  *Payan*, 495 F.3d at 1125.

This presumption – that the plaintiff received the right-to-sue letter by the date presumed under a three-day rule – is a rebuttable one.  *Id.* at 1126.  In examining whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumption period.  *Id.*  For example, the presumption may be rebutted where a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach the

2

1  claimant by mail. *Id.* (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996).
2  However, the *Payan* court also noted that general claims that the mail is delayed will not be
3  sufficient to rebut the presumption. *Id.*

4  In this case, Plaintiff attached the EEOC right-to-sue notice to his amended complaint. The
5  notice states that it was mailed to Plaintiff on January 29, 2010. *See* Doc 7, page 16. The letter also
6  explicitly states that suit under Title VII must be filed in a federal or state court within 90 days of
7  receipt of the notice. Ninety-three days (ninety days plus the three-day presumption of receipt) after
8  January 29, 2010, is May 3, 2010.[1] Therefore, May 3, 2010, is presumptively the last day that
9  Plaintiff could have timely filed suit in federal or state court under Title VII. Plaintiff's Title VII
10 complaint was filed on May 17, 2010, which is 109 days after the right-to-sue letter was mailed to
11 Plaintiff and 106 days after Plaintiff is presumed to have received the letter through the mail. It
12 appears that Plaintiff's complaint is time-barred.

13 IT IS HEREBY ORDERED that, on or before September 22, 2010, Plaintiff shall show
14 cause, if there be any, why this Court should not recommend dismissal with prejudice of the
15 Complaint based on the expiration of the limitation period for filing a Title VII suit. Plaintiff's
16 response must explain why the Complaint is not time barred.

17 Plaintiff is also advised that if he fails to timely respond to this Order to Show Cause, the
18 Magistrate Judge will recommend that the Court dismiss the Complaint with prejudice based on
19 expiration of the statute of limitations.

21 IT IS SO ORDERED.

22 **Dated:   August 31, 2010**               **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The ninety-third day actually falls on Sunday, May 2, 2010. Accordingly, May 3, 2010, is the last day on which Plaintiff could file his suit. Fed. R. Civ. P. 6(a)(1)(C) (where deadline falls on a court holiday or a weekend, the deadline is extended to the next business day).