# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRED L. KING,<br><br>            Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-00878-LJO-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DISMISSING PLAINTIFF'S COMPLAINT; AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Doc. 8) |

## I. INTRODUCTION

Plaintiff Fred King ("Plaintiff") is proceeding pro se and in forma pauperis with an action for damages under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et seq*. Plaintiff asserts that Corcoran State Prison ("Corcoran") and Walden House, Inc. ("Walden House"), discharged him from his employment without any process. He asserts that he was not provided with due process because he is African American. He asserts that others, who are not African American, were provided with appropriate due process when their employment was terminated. Plaintiff also appears to suggest that his employment termination itself was predicated on racial discrimination.

## II. DISCUSSION

**A.    Order to Show Cause Will Be Discharged**

On June 22, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff had not alleged or shown that he had exhausted his

administrative remedies before filing suit in federal court. *See* 42 U.S.C. §§ 2000e-5(d)(1) (claimant seeking relief under Title VII must first file a complaint with the Equal Employment Opportunity ("EEOC") within 180 days of alleged unlawful employment practice). The Court dismissed Plaintiff's complaint, allowing him 30 days leave of Court to amend to show that he had exhausted his administrative remedies as required under Title VII.

On July 21, 2010, Plaintiff filed a First Amended Complaint ("FAC"). As an attachment to his amended complaint, Plaintiff submitted an EEOC notice with regard to Charge No. 485-2009-00515 (charge against Walden House), stating that it was terminating its processing of Plaintiff's case and that Plaintiff had 90 days from receipt of the notice to file suit in federal or state court. This notice regarding the right-to-sue was mailed on January 29, 2010, from the Local Fresno EEOC Office ("Walden House Right to Sue Notice"). (Doc. 7 at 16.) Plaintiff filed suit in this matter on May 17, 2010. In light of the fact that it appeared that Plaintiff's Title VII complaint was filed 109 days after the Walden House Right to Sue Notice was mailed to him, on September 1, 2010, the Court issued an Order to Show Cause why the FAC should not be dismissed based on the expiration of the limitation period for filing a Title VII suit.

On September 21, 2010, Plaintiff filed additional documents evidencing an official right-to-sue notice issued from the U.S. Department of Justice ("DOJ") with regard to Charge No. 485-2009-00516 (charge against Corcoran) mailed to him on February 24, 2010 ("Corcoran Right to Sue Notice"). Therefore, it appears that, at least with regard to the claim against Corcoran State Prison, Plaintiff's suit was filed within the 90-day limitation period. (Doc. 9 at 3.)

The additional documents submitted by Plaintiff indicate that the Walden House Right to Sue Notice was sent from the Local Fresno EEOC Office directly to Plaintiff. This letter purports to be the "notice of Right to Sue[] issued under Title VII." (Doc. 7 at 16.) On February 2, 2010, the Local Fresno EEOC Office sent Plaintiff a letter with regard to the charge against Corcoran stating that his request for a Notice of Right to Sue was forwarded to the U.S. Department of Justice. (Doc. 7 at 49.) The letter states that the Corcoran Right to Sue Notice would be issued directly to Plaintiff from the DOJ rather than the Local Fresno EEOC Office.

It appears, therefore, that the Walden House Right to Sue Notice was issued by the Local Fresno EEOC Office on January 29, 2010, while the Corcoran Right to Sue Notice was issued by the DOJ on February 24, 2010. It may be that the time for filing a complaint against Walden House expired prior to Plaintiff filing this lawsuit. However, on the face of the record, it appears somewhat incongruent that the two charges were handled differently, despite being processed together by the Local Fresno EEOC Office on January 27, 2010. (*Compare* Doc. 9 at 5 *with* Doc. 9 at 6.) As it stands, without more information, the Court makes no finding regarding the timeliness of the complaint against Walden House. Therefore, the Court will discharge the September 1, 2010, order to show cause.

**B.     Sufficiency of the Allegations of the Complaint**

   **1.     Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

   **2.     Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

### 3. Analysis

Pursuant to 42 U.S.C. § 2000e-2(a), it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"

Prior to December 2008, Plaintiff was employed as an entry level counselor at Walden House, a substance abuse treatment facility located inside Corcoran State Prison. According to Plaintiff, on or around December 15, 2010, Corcoran prison officials searched his office for contraband, but none was found. Plaintiff states that he was called into his supervisor's office on or around December 17, 2010, and he was discharged. He was "walked off the prison yard" without being allowed to retrieve his personal property. He states he was not given a reason for his discharge. He also states that other non-African American employees who are discharged are provided a reason for the action and provided with due process regarding their employment termination. Plaintiff states that he has "been harassed and discharged because of [his] race." Plaintiff requests that the Court "review all the [48 pages of] documents" that are attached to his FAC. Plaintiff's FAC fails to set forth sufficient factual allegations to support his claim.

First, Plaintiff's complaint contains very few factual allegations and provides only general legal conclusions such as he was not provided with due process upon termination. This is simply not sufficient to state a plausible claim for discrimination under Title VII against either Corcoran State Prison or Walden House. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). For example, it is unclear whether Plaintiff is asserting that the basis for his employment termination was predicated on

1 discriminatory grounds or whether it was the lack of process in connection with his employment
2 termination that is the basis for Plaintiff's claims or whether both his employment termination and
3 the lack of process afforded him after his employment termination are the basis of his complaint.
4 Plaintiff has also not adequately set forth the role of each Defendant in his alleged employment
5 termination and lack of due process following the termination.

6 Second, there are additional facts regarding Plaintiff's allegations contained in the numerous
7 documents attached to the FAC that may cure some of the deficiencies in the FAC.  However, the
8 Court will not cull through the 48 additional pages of documents attached to Plaintiff's FAC to piece
9 together facts sufficient to support a claim under Title VII.   The Court notes that some of the
10 attached documents seem to contradict the allegations contained in Plaintiff's complaint.  For
11 example, one document attached to the complaint is a letter from Walden House addressed to the
12 Local Fresno EEOC Office describing the events leading up to Plaintiff's employment termination
13 at Walden House. (Doc. 7 at 14-15.)  The letter provides, in relevant part, the following:

> The Investigative Services Unit (ISU) of the Substance Abuse Treatment Facility and State Prison at Corcoran had been investigating allegations that [Plaintiff] was bringing contraband, specifically tobacco, into the institution.  On December 17, 2008, [Plaintiff] was called into Jean LeFlore's office by Lieutenant Gatto from ISU. Lt. Gatto told [Plaintiff] that due to the results of the investigation, the decision had been made by the Warden of the institution, as representing CDCR, to take away [Plaintiff's] access to enter prison grounds. [Plaintiff] was then escorted off the premises by ISU officers.
>
> [Plaintiff] is claiming that there was not any contraband found in his office. Walden House is not able to comment on this allegation because we are not privy to all the investigative methods used by the ISU to reach their conclusion nor are we shown copies of investigation results.  Walden House maintains that [Plaintiff] knew the reason he was being terminated from his employment, and that the reason for his termination from Walden House was that he lost his institution security clearance is a condition of employment within Walden House's prison programs. Walden House did not have any control over whether [Plaintiff] lost his security clearance neither does Walden House control ISU's manner in which it was communicated. In fact, the ISU escorted [Plaintiff] off the premises by vehicle, without a representative from Walden House present in the vehicle.

(Doc. 7 at 14-15.)

Additionally, a letter apparently drafted by Plaintiff and dated May 8, 2009, seems to assert that Plaintiff's claims are based upon statements made by a co-worker and an inmate.  Plaintiff appears to indicate that these statements were directed to Corcoran prison officials who then

5

allegedly fired him based on these statements.

### III. CONCLUSION AND ORDER

Plaintiff will be given an opportunity to amend his complaint to cure the deficiencies outlined above. In any amended complaint, Plaintiff should set forth the factual basis for his claims. It is unclear whether Plaintiff is asserting that Defendant Corcoran or Defendant Walden House caused his employment to be terminated because he is African American or whether he was denied process after his employment was terminated for a discriminatory purpose or whether both actions were taken based on discriminatory grounds.

With regard to Walden House, Plaintiff should clearly explain in an amended complaint **whether** the revocation of his security clearance by Corcoran related to some discriminatory purpose and **how** the decision by Corcoran to revoke his security clearance relates to Walden House. It appears from some of the documents attached to the FAC that Walden House was not involved in the decision to revoke Plaintiff's security clearance and could not employ Plaintiff once the security clearance was revoked by Corcoran. To state a plausible claim for relief against Walden House, Plaintiff must set forth allegations showing how Walden House caused his employment to be terminated on the discriminatory basis claimed by Plaintiff.

The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff; the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through voluminous documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating for Plaintiff. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but are not contained in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying on exhibits to present them.

Plaintiff is reminded that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers*

*& Lybrand*, 664 F.2d 811, 814 (9th Cir. 1981)). In his amended complaint Plaintiff may not attempt to add any new claims. Any attempt to do so will result in the Court striking the pleading or a portion thereof.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Court's September 1, 2010, Order to Show Cause is DISCHARGED;
2. Plaintiff's First Amended Complaint is DISMISSED;
3. Plaintiff shall file a Second Amended Complaint within thirty (30) days of service of this order; and
4. Failure to amend the complaint will result in a recommendation that Plaintiff's complaint be dismissed for failure to state a claim and for failure to comply with a court order.

IT IS SO ORDERED.

**Dated:  December 1, 2010**          /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE