# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED L. KING,<br><br>  Plaintiff,<br><br>  v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-00878-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING THIRTY DAYS LEAVE TO AMEND**<br><br>(Doc. 8) |

## I. INTRODUCTION

Plaintiff Fred King ("Plaintiff") is proceeding pro se and in forma pauperis with an action for damages under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et seq*. against Corcoran State Prison ("Corcoran") and Walden House, Inc. ("Walden House"). Plaintiff was discharged from his employment at Walden House because Corcoran State Prison revoked his security clearance. Plaintiff claims that his security clearance was revoked because of an "investigation b[r]ought on by false allegations made about [his] conduct . . . . " (Doc. 11.) He asserts that others, who are not African American, were not terminated from their employment despite the fact that they were investigated for similar security issues.

## II.  DISCUSSION

**A.    Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.    Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.    Analysis**

Pursuant to 42 U.S.C. § 2000e-2(a) ("Title VII"), it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin[.]" A person is discriminated against when he or she is singled out and treated less favorably than others similarly situated on account of race. *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988).

### 1.     No Cognizable Claim Against Corcoran State Prison

Title VII liability is premised upon "some connection with an employment relationship." *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980). With only limited exceptions related primarily to prospective employers and applicants for employment, the employer charged with discrimination under Title VII must have been the plaintiff's employer at the time of the alleged discrimination for plaintiff to prevail. *See City of L.A. v. Manhart*, 435 U.S. 702, 718 n.33 (1978) (Title VII "primarily govern[s] relations between employees and their employer, not between employees and third parties").

However, the courts have typically construed the term "employer" liberally to "carry out Title VII's purpose of eliminating discrimination and have applied differing theories defining the term." *Horvath v. Dalton*, No. C-97-0441 MHP, 1999 WL 13714, at *4 (N.D. Cal. Jan. 7, 1999). An employer may be held responsible under Title VII pursuant to a "joint employer" theory of liability. *EEOC Pac. Mar. Ass'n*, 351 F.3d 1270, 1275-76 (9th Cir. 2003). Joint employer liability under Title VII may be shown where "both employers control the terms and conditions of employment of the employee." *Id.* at 1275 (internal quotation marks and citations omitted). In considering joint employer status, the Ninth Circuit applies an "economic reality test" that "consider[s] all factors relevant to the particular situation." *Id.* For example, the Ninth Circuit has considered whether the joint employer (1) supervised the employee, (2) had the power to hire and fire him, (3) had the power to discipline him, and (4) supervised, monitored and/or controlled his work site. *See id.* at 1276; *see also Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 927 (9th Cir. 2003).

Here, Plaintiff has not alleged that Corcoran is Plaintiff's employer. A letter attached to Plaintiff's complaint addressed to Plaintiff from the Warden of Corcoran State Prison states that "you are not a State employee and I did not terminate your employment from your employer." (Doc. 11 at 2.) Moreover, Plaintiff identifies his place of employment as "Walden House." (Doc. 11 at 1.) While Plaintiff's security clearance may have been revoked by Corcoran, his employment was

apparently with Walden House. Additionally, there are no allegations indicating that Corcoran may be considered a joint employer with Walden House. A Title VII claim against Corcoran State Prison for employment discrimination is not viable unless Corcoran was Plaintiff's employer or a joint employer with Walden House.

### 2. No Cognizable Claim Against Walden House

There are no allegations against Walden House contained in Plaintiff's amended complaint. Walden House is not named in the caption of the complaint. There is no cognizable claim stated against Walden House.

### III. CONCLUSION

Plaintiff will be give one **final** opportunity to amend his complaint. Plaintiff is reminded that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 664 F.2d 811, 814 (9th Cir. 1981)). In his amended complaint Plaintiff may not attempt to add any new, unrelated claims. Any attempt to do so will result in the Court striking the pleading or a portion thereof. Further, failure to cure the deficiencies noted above or a failure to file an amended complaint within the time allowed will result in a recommendation for dismissal with prejudice.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff shall file a Third Amended Complaint within thirty (30) days of service of this order.

IT IS SO ORDERED.

**Dated:   March 1, 2011**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE